Dear Mr. Dupuis:
You have asked for an opinion of the Attorney General as to whether R.S. 33:1236(21)(a) limits the power of Lafayette Parish to enact a parish ordinance regulating tall grass, weeds and other material. You state and we note that Lafayette Parish has a home rule charter. In your situation, the parish ordinance is broader than the more restrictive state legislation. Your question therefore is, is the Lafayette Parish ordinance limited to the provisions of R.S. 33:1236(21)(a) or may it be broader in coverage.
The statute in question is entitled as follows:
R.S. 33:1236 Powers of parish governing authorities
 The police juries and other parish governing authorities shall have the following powers:
We will not reproduce section 21(A) herein because of its length but show that it deals with the powers of governing authorities to "pass ordinances to compel property owners to cut grass and obnoxious weeds on their property." Although this statute is placed in that section of title 33 concerning police juries its coverage and application is to parish governing authorities that must be empowered by legislative act. The tension between this statute and the Lafayette ordinance is as follows; the state statute states that it covers "vacant lots located within recognized subdivisions outside municipalities in the parish" while the Lafayette Parish ordinance covers all lots, which term is defined therein as follows:
 The word lot as used in this article shall mean any subdivision lot, area, place, tract or parcel of land or any portion, thereof, whether or not said lot, area, place, tract or parcel is improved, occupied, vacant or leased.
The Lafayette Parish ordinance is clearly broader.
For the reasons that follow, it is the opinion of this office that R.S. 33:1236(21)(a) does not limit the power of Lafayette Parish to pass the ordinance in question: That statute empowers parish governing authorities to do certain things.
A police jury form of government would have only those powers set forth in R.S. 33:1236. Lafayette parish however, has a home rule charter form of government, which generally gives parish all powers not denied it by the state constitution and statutes. The Louisiana Constitution of 1974 authorizes home rule charter governments beginning at Art. VI Set. 5. Section E of Art. 5 states as follows:
 (E) Structure and Organization; Powers; Function. A home rule charter adopted under this Section shall provide the structure and organization, powers and functions of the government of the local government and subdivision; which may include the exercise of any power and performance of any functions necessary requisite, or proper for the management of its affairs, not denied by general law or inconsistent with this constitution.
Art. 6 Sec. 6 provides as follows:
 The legislature shall enact no law the effect of which changes or affects the structure and organization or the particular distribution and redistribution of the powers and functions of any local governmental subdivision which operates under a home rule charter.
See also Francis v. Morial, 455 So.2d 1168 (La. 1984) for a discussion of the powers of a home rule charter form of government. We find that, as a home rule charter form of government, Lafayette Parish has the power to enact the ordinance in question and is not limited by the provisions of R.S. 33:1236(21) in the ordinance in question.
Trusting the above is helpful to your inquiry, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES M. ROSS Assistant Attorney General
RPI/JMR:vrr